JERRY E. SMITH, Circuit Judge,
dissenting:
I respectfully dissent, because the panel majority errs in holding that there is a genuine issue of material fact as to whether Adams had implied permission to use the truck in the manner that he did at the time of the accident. Adams only had implied permission to use the truck for personal purposes or errands during “lunch hour,” not during the drive between Bryan and Houston or after he arrived home in Houston (i.e., not after hours or before work).
There is no evidence whatsoever of implied permission to use the truck for personal errands after hours; the only permission to use it after hours was the express permission to drive home, which was not a permission to run errands on the way home or once Adams arrived home. Adams admitted that his supervisors were unaware that he was using the company vehicle after hours for the purpose of shopping; he testified that no one at Goodyear knew he had been driving the truck to his father’s house or had authorized him to do so.
The opinion also hinges on “the minimal distances involved,” but that is not a significant fact here, where, as the majority admits, the timing and the purpose of the trip suggest that the deviation is not minor. Although Old Am. County Mut. Fire Ins. Co. v. Renfrow, 130 S.W.3d 70, 72 (Tex.2004), and other cases did involve more significant distances, deviations material as a matter of law have been found in cases with distances similar to those here.
For instance, in Coronado v. Employers’ Nat’l Ins. Co., 596 S.W.2d 502, 503 (Tex.1979), the distance was three to four miles. Here the distances appear to be similar; as the majority explains, Adams’s house, his father’s house, and the convenience store are all within a ten-minute drive of one another. Looking at distances as “minimal” as those in this case, the Texas Supreme Court in Coronado held that the trip was “wholly unrelated by time, place, or purpose from the objectives for which he was granted use of the vehicle.” 596 S.W.2d at 505 (emphasis added).
Although the majority devotes significant consideration to Minter, 423 F.3d at 468-70, which also involved minimal distances, that case is distinguishable: There, the employee had to deliver the truck to a facility in Decatur for scheduled maintenance, so the employee drove it to his sister’s house in order that she follow him and drive him back to his residence. As that court repeatedly stressed, the drive to the sister’s home involved a business purpose, because it was in the interest of the employer that the vehicle be serviced and that the employee receive a ride back from the service location.
In contrast, here the late-night errand was a purely personal trip, as the majority acknowledges; Adams no longer had any tires in his possession. Because the majority acknowledges that the purpose and time of the deviation were unrelated to the objectives for which Adams was granted the use of the vehicle, and given that the same distance is involved as in Coronado, I do not see how that case can be distinguished: The test for a material deviation is precisely based on these three elements: *169 time, place and purpose. For that reason, I respectfully dissent.